**Gina VALLUZZI, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. 91 C 1402.**

United States District Court, N.D. Illinois, E.D.

Aug. 15, 1991.

Michael Joseph Urgo, Jr., Garretson & Santora, Ltd., Chicago, Ill., for plaintiff.

Madeleine Murphy, Asst. U.S. Atty., Chicago, Ill., for defendant.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

Defendant United States Postal Service (the "Postal Service") has moved to dismiss the complaint brought against it by plaintiff Gina Valluzzi. Valluzzi in turn has requested leave to amend her complaint. For the reasons set forth below, we grant the Postal Service's motion to dismiss the complaint against it and deny Valluzzi's request for leave to amend her complaint.

On July 5, 1989, Valluzzi and Howard Skandis, an employee of the Postal Service, were involved in an automobile accident on Beech Road in the City of LaGrange, Illinois. Valluzzi filed a claim with the Postal Service for $4,472.25, which was denied on October 23, 1990. On March 7, 1991, Val-

luzzi filed suit against the Postal Service under the Federal Tort Claims Act, seeking recovery of losses incurred as a result of the automobile accident.

■ The Postal Service has moved to dismiss Valluzzi's complaint against it for lack of jurisdiction because it is not a proper defendant in a suit brought under the Federal Tort Claims Act. Valluzzi effectively has conceded the merits of that point by failing to respond to this argument. In any event, the Postal Service's position is correct. Under the Federal Tort Claims Act, which was made applicable to claims against the Postal Service by 39 U.S.C. § 409(c), an agency cannot be sued in its own name. As the two pertinent sections of the Federal Tort Claims Act make clear, a tort claim such as this must be brought against the United States despite the authority of federal agencies to sue or be sued.[1] *Stewart v. United States,* 503 F.Supp. 59, 61 (N.D.Ill.1980). Accordingly, we grant the Postal Service's motion to dismiss the complaint against it.

Having conceded that she named the wrong party in the caption to her complaint, Valluzzi now seeks leave to amend her complaint by properly bring suit against the United States. Anticipating that Valluzzi would make such a request in response to its motion to dismiss, the Postal Service has objected to any request to amend. In connection with that objection, we initially observe that, since the Postal Service has properly secured its own dismissal from the suit, it does not possess standing to object in its own name or to make arguments that might or might not belong to another prospective defendant.

We acknowledge, however, that pragmatically it makes sense to consider the merits of the arguments raise by the Postal Service at this time. The United States Attorney, who now technically represents only the Postal Service, is simply trying to expedite matters by raising the arguments that inevitably would be renewed on behalf of his new client, the United States.[2] Accordingly, we find it appropriate to consider the merits of the objection.

■ The U.S. Attorney contends that it would be futile to grant plaintiff's motion for leave to amend to now name the United States in the caption of the complaint because the amendment will not "relate back" to the timely filing of the original complaint according to Rule 15(c) of the Federal Rules of Civil Procedure.[3] Federal Rule of Civil Procedure 15(c) reads as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the

1. 28 U.S.C. § 1346(b) provides that the district court shall have exclusive jurisdiction of civil actions against the United States for money damages arising from tort claims. 28 U.S.C. § 2679(a) provides:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

2. Of course, in this context, all of this is ever so much fiction, since, when he appears in the

future on behalf of the United States, the bottom line is that the United States Attorney will be defending the Postal Service.

3. It is undisputed that, if the amended complaint will not relate back, then it must be deemed untimely. Title 28, § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or regular mail, of notice of final denial of the claim by the agency to which it was presented.

proper party, the action would have been brought against the party. The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

There is no dispute that Valluzzi did not deliver or mail process to the U.S. Attorney such that clauses (1) and (2) would be deemed satisfied per se in accordance with the last sentence of Rule 15(c). At issue, therefore, is whether Valluzzi otherwise has satisfied the requisites of Rule 15(c).

The United States Supreme Court's decision in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), controls this inquiry. In *Schiavone*, the Court strictly interpreted Rule 15(c) and refused to allow a complaint to relate back because the misnamed defendant, whom the plaintiff had sought to add, did not receive notice of the suit until the relevant statute of limitations had already run. In this case, in response to our minute order of July 12, 1991, the U.S. attorney has indicated that his office—as agent of the United States—did not receive any notice of Valluzzi's action until April 29, 1991, six days after the limitations period had expired on April 23, 1991. Although process was apparently served upon the Postal Service on April 11, 1991, for the purposes of the Federal Tort Claims Act and Rule 15, notice to the Postal Service within the limitations period would appear to be insufficient to impute notice to the United States. *Cf. Schiavone*, 477 U.S. at 28–29, 106 S.Ct. at 2383–84 (discussing "identity-of-interest" approach which permits the imputation of notice as among related parties). Accordingly, we find that an amendment to add the United States as a party would be futile due to the expiration of the limitations period.

Conclusion

We grant the Postal Service's motion to dismiss Valluzzi's complaint against it and we deny Valluzzi's motion for leave to amend her complaint to name the United States as a defendant. It is so ordered.