**Hollis A. TALAMINE, Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

**No. 92 C 4190.**

United States District Court,
N.D. Illinois, E.D.

Sept. 23, 1992.

Donald Nathan, Grubman & Nathan, Chicago, Ill., for plaintiff.

Mary Patricia Benz, Pope & John, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This action arises out of the termination of plaintiff Hollis A. Talamine's disability benefits. Talamine initially filed this action in the Circuit Court of Cook County against defendant Unum Life Insurance Company of America ("Unum"), alleging breach of contract and violation of § 154.6 of the Illinois Insurance Code, Ill.Rev.Stat. ch. 73, par. 766.6. Unum removed the case to this court on the ground that the action arose under the laws of the United States, namely the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq. See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987) (well-pleaded complaint rule does not prohibit removal when ERISA preemption is a defense). Unum moves to dismiss the complaint. For the reasons set forth below, we grant the motion.

### I. Background

Talamine alleges the following facts in her complaint which, along with all reasonable inferences therefrom, we take as true for the purposes of the current motions. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir.), *cert. denied,* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). On and prior to September 1, 1988, Talamine was an employee of Foote, Cone & Belding Communications, Inc. ("FCB"). FCB was the named insured of a Group Long Term Disability Insurance Policy issued by Unum, effective September 1, 1988. Talamine has paid, and continues to pay, the premiums necessary for the maintenance of the policy. At some unspecified date subsequent to September 1, 1988, Talamine became disabled as that term is defined under the policy. Specifically, she suffered from a perforated toxic megacolon which, along with related problems, precluded her from performing the material duties of her regular occupation. Pursuant to the policy, Unum paid Talamine disability benefits from December 2, 1989 to December 2, 1991. Unum terminated the benefits effective April 2, 1992, via a letter dated April 21, 1992. Unum in part based the termination upon communications from Dr. Robert F. Motley of the Internal Medicine Specialty Group, Montrose, Colorado and a "Physical Capabilities Evaluation # 3" of Thomas L. Jacobs & Associates, Inc., dated February 5, 1992. Talamine's attorney wrote to Unum on May 14, 1992, demanding that her disability benefits be restored. Upon Unum's refusal, Talamine filed this action.

### II. Discussion

The crux of Unum's motion to dismiss is twofold. First, Unum argues that ERISA preempts Talamine's claims, both of which are premised on state law. Second, in the event that this court construes Talamine's complaint as an ERISA claim for benefits, Unum maintains that the complaint must be dismissed for failure to exhaust administrative remedies. We begin our analysis with the preemptive effect of ERISA.

#### A. Preemption

The preemptive effect of ERISA turns on congressional intent. *Maciosek v. Blue Cross & Blue Shield,* 930 F.2d 536, 539 (7th Cir.1991). Critical to this inquiry are the following three provisions of ERISA: (1) the pre-emption clause; (2) the savings clause; and (3) the deemer clause. The pre-emption clause, noteworthy for its sweeping breadth, provides:

Except as provided in subsection (b) of this section [the savings clause], the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.

29 U.S.C. § 1144(a). From this broadly designated area of exclusive federal concern, the savings clause returns to the states the power to regulate insurance, banking, and securities:

Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

*Id.* § 1144(b)(2)(A). Finally, pursuant to the deemer clause, an employee benefit plan governed by ERISA shall not be deemed an insurance company, an insurer, or engaged in the business of insurance for purposes of state laws purporting to regulate insurance companies or contracts:

Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for the purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

*Id.* § 1144(b)(2)(B).

In a series of four opinions, the Supreme Court has expansively interpreted the preemptive scope of ERISA. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *FMC Corp. v. Holliday,* 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990); *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). In *Metropolitan Life,* a former employee filed suit in a Michigan state court against his former employer and its insurer, claiming breach of contract, retaliatory discharge and wrongful termination of disability ben-

efits. *Metropolitan Life,* 481 U.S. at 61, 107 S.Ct. at 1545. Defendants removed the action to federal court alleging federal question jurisdiction over the claim for disability benefits and pendent jurisdiction over the remaining claims. *Id.* The Supreme Court held that state common-law contract and tort claims arising from the termination of disability benefits were preempted by ERISA. *Id.* at 62–63, 107 S.Ct. at 1546. In a companion case of *Metropolitan Life,* an employee brought common-law contract and tort claims against the insurance company that issued his employer's group insurance policy, seeking compensatory and punitive damages. *Pilot Life,* 481 U.S. at 43, 107 S.Ct. at 1551. The plaintiff did not assert any causes of action pursuant to ERISA. *Id.* at 44, 107 S.Ct. at 1551. Drawing from its holding in *Metropolitan Life,* the Court in *Pilot Life* held that ERISA preempted all state common-law claims premised on the alleged improper processing of a claim for benefits. *Id.* at 481 U.S. at 57, 107 S.Ct. at 1558. In *FMC Corp.,* an employee welfare benefit plan brought suit seeking declaratory judgment that it was entitled to subrogation for sums it had paid for medical expenses of an employee's daughter. *FMC Corp.,* 498 U.S. at ——, 111 S.Ct. at 405–06. The employee refused to reimburse the plan, citing § 1720 of Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 Pa.Cons.Stat. § 1720 (1987). *Id.* 498 U.S. at ——, 111 S.Ct. at 406. The Supreme Court held that ERISA preempts the Pennsylvania statute precluding employee welfare benefit plans from exercising subrogation rights on a claimant's tort recovery. *Id.* 498 U.S. at ——, 111 S.Ct. at 411. Finally, in *Ingersoll–Rand,* the Court held that a state common-law cause of action arising from an alleged wrongful discharge and seeking punitive damages, and recovery for future lost wages and mental anguish, was preempted by ERISA. *Ingersoll–Rand,* 498 U.S. at ——, 111 S.Ct. at 486.

There can be no doubt that, given the Supreme Court's expansive interpretation of § 1144, Talamine's claims under the Illinois Insurance Code and for breach of con-

tract are preempted by ERISA. Indeed, the Seventh Circuit recently has found preemption of similar state-law causes of action. *See Smith v. Blue Cross & Blue Shield*, 959 F.2d 655, 657–58 (7th Cir.1992); *Tomczyk v. Blue Cross & Blue Shield*, 951 F.2d 771, 775 (7th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 2274, 119 L.Ed.2d 201 (1992); *Maciosek*, 930 F.2d at 538–40. Rather than contesting the inevitability of preemption, Talamine asserts that the appropriate remedy is not to dismiss the claim, but instead to treat it as a claim brought under ERISA.

■ Whether to construe complaints asserting common-law causes of action to include an ERISA claim is an unsettled question of law within the Seventh Circuit. *See Smith*, 959 F.2d at 658 (noting the conflict without resolving the matter). In *Maciosek*, 930 F.2d at 540–41, the court held that the decision

> to file only state claims in state court, thereby ignoring ERISA, can only be seen as a strategic attempt to avoid removal to federal court. The [plaintiffs] never sought to amend their complaint to add ERISA counts, even after their strategy failed and the case was removed to federal court. They are bound by those decisions.

In *Bartholet v. Reishauer*, 953 F.2d 1073, 1078 (7th Cir.1992), however, a different panel of the Seventh Circuit held that a pleading which gives sufficient notice of a claim demonstrating that the pleader is entitled to relief under ERISA should not be dismissed for failure to invoke ERISA. This court finds the *Bartholet* approach to preemption better aligned with the system of notice pleading set forth in the Federal Rules of Civil Procedure. Moreover, we cannot forget that Unum was able to invoke federal jurisdiction only by virtue of an exception to the well-pleaded complaint rule, *i.e.*, construing a state-law cause of action to include an ERISA claim for the purposes of removal. Equity demands a similar construction in the context of a motion to dismiss. Accordingly, we construe Talamine's complaint as asserting a cause of action under 29 U.S.C.

§ 1132(a)(1)(B) "to enforce [her] rights under a plan."

### B. Exhaustion of Administrative Remedies

■ Whether to require exhaustion as a prerequisite to bringing a suit under ERISA is a matter committed to the sound discretion of the trial court. *Smith*, 959 F.2d at 658; *Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991); *Kross v. Western Electric Co.*, 701 F.2d 1238, 1244 (7th Cir.1983). This court adheres to the exhaustion requirement as a means of advancing the congressional policies stemming from ERISA, including "to minimize the number of frivolous lawsuits; promote consistent treatment of claims; provide a non-adversarial dispute resolution process; and decrease the cost and time of claims settlement." *Powell*, 938 F.2d at 826 (citing *Makar v. Health Care Corp. of Mid–Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989)). And, as noted by the Seventh Circuit, "[j]udgment on this theory will not prevent plaintiffs from exhausting their plan remedy, assuming they are not barred by lapse of time, and then suing upon the merits." *Smith*, 959 F.2d at 658.

■ In the instant case, Talamine clearly has not exhausted her available administrative remedies. In fact, Talamine states that she has demanded review by the Unum Quality Review Section, a process presently in progress. Talamine's Response to Unum's Motion to Dismiss ¶ 6, at 2. Nonetheless, Talamine maintains that this court should not dismiss her claim because pursuing internal remedies would be a futile gesture at best. True, this court recognizes a futility exception to the exhaustion requirement. *See Carter v. Signode Indus., Inc.*, 688 F.Supp. 1283, 1286–87 (N.D.Ill.1988). However, "to come under the futility exception, [Talamine] must show that it is certain that [her] claim will be denied on appeal, not merely that they doubt an appeal will result in a different decision." *Smith*, 959 F.2d at 659. Because Talamine has proffered no facts indicating that the review procedure they initiated will not work, the futility exception does not apply. Accordingly, we dis-

miss her claim for failure to exhaust available administrative procedures.

### III. Conclusion

Although we construe Talamine's complaint as asserting a claim under ERISA, we nonetheless dismiss the claim for failure to exhaust available administrative remedies. It is so ordered.[1]

---

1. Because we have dismissed the complaint, we need not consider Unum's motion to strike Talamine's jury demand.