**CHICAGO AREA I.B. OF T. HEALTH AND WELFARE TRUST FUND, CHICAGO AREA I.B. OF T. PENSION TRUST FUND and Chicago Area I.B. of T. Severance and Retirement Trust Fund, Plaintiffs,**

v.

**THOMAS S. ZACCONE WHOLESALE PRODUCE, INC., Defendant.**

No. 94 C 3135.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 12, 1995.

James E. Mahoney, James D. Jacobson, Griffith & Jacobson, Chicago, IL, for plaintiffs.

Robert Howard Brown, Thomas Stephen Bradley, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd., Chicago, IL, for defendant.

*MEMORANDUM OPINION
AND ORDER*

ASPEN, District Judge.

Plaintiffs Chicago Area International Brotherhood of Teamsters Health and Welfare, Pension, and Severance and Retirement Trust Funds ("the Funds") bring this single count action, alleging that defendant Thomas S. Zaccone Wholesale Produce, Inc. ("Zaccone") failed to contribute certain required amounts to the Funds, in violation of a labor agreement between Zaccone and the Local 703, International Brotherhood of Teamsters ("the Union"). Presently before the court is Zaccone's motion for summary judgment.

For the reasons set forth below, defendant's motion is granted.

## I. Background

In 1988, defendant Zaccone became a member of the Market Service Association ("the MSA"), a multiemployer collective bargaining association. Upon entering the MSA, Zaccone signed an agreement ("the Agreement") with that organization, whereby it agreed to be bound by the collective bargaining agreement then in effect with the Union, which was set to expire on March 31, 1996. The Agreement also provided, in relevant part:

> This Agreement shall remain in effect and shall be governed by Association agreements entered into from time to time in the future and governing future periods.

In 1991, the Union and the MSA signed a document amending the collective bargaining agreement. Specifically, it provided a new expiration date of March 31, 1993 for the collective bargaining agreement. In 1993, the MSA and the Union engaged in collective bargaining, and, in April of that year, agreed to extend the amended collective bargaining agreement until May 31, 1993. The collective bargaining proved unsuccessful, and no further extensions of the amended collective bargaining agreement were provided for. Accordingly, following expiration of the amended collective bargaining agreement, Zaccone ceased contributing to the Funds. Plaintiff Funds subsequently filed the present action, claiming that Zaccone violated its obligation to contribute to the Funds under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

## II. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact, and.... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas,* 929 F.2d 1210, 1212 (7th Cir.1991).

### III. Discussion

 Plaintiffs bring the current action pursuant to Section 515 of ERISA, which provides, in relevant part:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Plaintiffs' position, however, is largely foreclosed by *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.,* 484 U.S. 539, 108 S.Ct. 830, 98 L.Ed.2d 936 (1988). There, the employer, Advanced Lightweight Concrete, was obligated to contribute to various employee benefit plans pursuant to a collective bargaining agreement.[1] One and one-half months before the agreement was due to expire, Advanced informed the unions that it had terminated the AGC's authority to negotiate on its behalf, and that the company would not be bound by the collective bargaining agreement after its expiration. The employer also informed the unions that it was prepared to negotiate with them independently. True to its word, Advanced ceased contributing to the funds following the expiration of the existing collective bargaining agreement.

The Funds brought suit, alleging violations of the National Labor Relations Act ("NLRA") and Section 515 of ERISA. The district court granted summary judgment to Advanced, and the Ninth Circuit affirmed. On appeal, the Supreme Court affirmed the lower court. It concluded that Section 515 only required employers to contribute to funds to the extent required by the collective bargaining agreement; following the expiration of the agreement, the employer's obligation to contribute to the funds, at least under ERISA, ceased. *Id.* at 548–49, 108 S.Ct. at 836 ("[B]oth the text and the legislative history of §§ 515 and 502(g)(2) provide firm support for the Court of Appeals' conclusion that this remedy [provided in ERISA] is limited to the collection of 'promised contributions' . . ."). Because Advanced had contributed the required amount to the funds during the period the collective bargaining agreement was in force, the Supreme Court concluded that the district court properly granted Advanced summary judgment on the ERISA claim. *Id.*[2]

In the present case, it is undisputed that Zaccone made the contributions required by the collective bargaining agreement until May 31, 1993. Accordingly, Zaccone asserts that it is entitled to summary judgment based upon *Advanced Lightweight Concrete.* The Funds, however, maintain that that case is distinguishable. They first argue that, with respect to Zaccone, the expiration date of the collective bargaining agreement was not altered by the 1991 amendment, and thus remains March 31, 1996. In support, they point to the language of the Agreement between Zaccone and the MSA, which provides that the Agreement "shall be governed by Association agreements entered into from time to time in the future and covering future time periods." The Funds assert that

> [i]f Zaccone's Agreement were intended to be governed by all future modifications of the Association Agreement, the parties could have achieved that result simply by

---

1. The agreement was negotiated by the Associated General Contractors of California ("AGC"), a multiemployer association of which Advanced was a member.

2. With respect to the NLRA claim, the Supreme Court affirmed the lower court's ruling that the

National Labor Relations Board had exclusive jurisdiction to resolve the Funds' allegation that Advanced's actions constituted an unfair labor practice. *Id.* at 549, 108 S.Ct. at 836.

making the Agreement 'governed by Association Agreements entered into from time to time in the future.' The words 'and covering future time periods' would have been unnecessary. These words should not be rejected as meaningless. They should be read to indicate that only Association Agreements for periods after the term of the existing contract would modify the Agreement signed by Zaccone.

Plaintiff's Mem.Opp. at 2–3. We disagree. To state the obvious, the "entered into from time to time in the future" clause merely relates to the date on which a given agreement is reached. The plain meaning of the "covering future time periods" language, on the other hand, relates to whether any amendments would apply prospectively or retroactively. That is, on its face, the clause protects Zaccone from any agreements entered by the MSA which would apply to the period before Zaccone became a member of the MSA. It is therefore apparent that, under this reading of the plain language of the provision, the two clauses have very distinct meanings and applications.

■ The reading of the section proposed by the Funds, on the other hand, collapses under its own weight. For the Funds' approach to be successful, we must interpret the word "future" differently in the first clause than we do in the second clause. That is, the Funds tacitly acknowledge that the word "future" in the first clause refers to the period after 1988, when Zaccone became a member of the MSA, but then ask that we read the word "future" in the second clause to mean after March 31, 1996. However, when the same word is used twice in close proximity, there exists a presumption that the word has the same meaning in both places. *Cf. Brook Group Ltd. v. Brown & Williamson Tobacco Corp.*, —— U.S. ——, ——, 113 S.Ct. 2578, 2591, 125 L.Ed.2d 168 (1993) ("[I]dentical words used in different parts of the same act are intended to have the same meaning.") (internal quotations and citations omitted). We are simply unwilling to adopt an interpretation, such as that proposed by the Funds, which violates this well-established principle.

■ Furthermore, the Funds' interpretation of the Agreement runs counter to the principles underlying collective bargaining. Under the Funds' interpretation, Zaccone would essentially be locked in to the collective bargaining agreement as it existed when Zaccone became a member of the MSA, unable to alter or amend that agreement until March 31, 1996. However, as the Supreme Court has noted, "collective bargaining is a continuing process. Among other things, it involves day-to-day adjustments in the contract and other working rules, resolution of problems not covered by existing agreements, and the protection of employee rights already secured by contract." *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also NLRB v. Sands Mfg. Co.*, 306 U.S. 332, 342, 59 S.Ct. 508, 513, 83 L.Ed. 682 (1939) ("[The NLRA] imposes upon the employer the further obligation to meet and bargain with his employes' [sic] representatives respecting proposed changes of an existing contract. . . ."). In light of this fact, and because it is consistent with the plain meaning of the provision, as identified above, we reject the Funds' argument that the amendment accelerating the expiration date of the collective bargaining agreement did not apply to Zaccone.[3]

The Funds' second basis for asserting that Zaccone was obligated to contribute to the Funds after expiration of the collective bargaining agreement is equally unavailing. The Funds assert that the Trust Agreements themselves require continued contribution by an employer, noting the following language in the Trust Agreements:

---

3. The Funds also assert in their complaint that the amendment to the collective bargaining agreement is invalid, alleging that it was not properly ratified, not signed, and induced by misrepresentation and fraud. In its motion, has attacked these defenses as barred by *Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148 (7th Cir.1989). The Funds, however, have failed to respond to Zaccone's argument, and therefore concedes this point. *See Valluzzi v. United States Postal Serv.*, 775 F.Supp. 1124, 1125 (N.D.Ill. 1991); *Southern Nevada Shell Dealers Ass'n v. Shell Oil Corp.*, 725 F.Supp. 1104, 1109 (D.Nev. 1989).

An Employer's obligation to make Contributions shall continue during periods while a Collective Bargaining Agreement is being negotiated.

However, Zaccone never signed or agreed to the Trust Agreements, nor were they incorporated by reference into the collective bargaining agreement. The Funds nonetheless maintain that Zaccone is bound by the above language, and cite two cases in support. In both *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491 (9th Cir.1990) and *Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Constr. Co.*, 932 F.2d 1443 (11th Cir.1991), the defendant employers were contributing to the funds pursuant to existing collective bargaining agreements.[4] Although those agreements did not authorize audits by the fund trustees, the trust agreements did. The employers, however, were not signatories to the trust agreements. In both cases, the courts ruled that, because the employers were contributing to the funds, with the expectation that their employees would receive benefits, they were subject to the terms of the trust agreements. *See Miramar Hotel,* 920 F.2d at 1494; *Vertex Constr. Co.* 932 F.2d at 1450–51.

The present case is clearly distinguishable. Zaccone was obligated to contribute to the Funds, at least as far as ERISA is concerned, pursuant to the collective bargaining agreement; for the period of time that it was contributing, it was also bound by the terms of the Trust Agreements under the rationale of *Miramar Hotel* and *Vertex Constr. Co.* However, because the document to which Zaccone was a signatory (the collective bargaining agreement via Zaccone's agreement with the MSA) imposed no further obligation to contribute under ERISA after May 31,

1993, and Zaccone ceased contributing to the Funds after that date, those cases are inapposite. That is, *Miramar Hotel* and *Vertex Constr. Co.* stand for the limited proposition that, as long as an existing (and non-expired) collective bargaining agreement requires contributions to a benefit plan, the contributing employer is also bound by the terms of the trust agreement. That is not the case here. The collective bargaining agreement which required contribution had expired; it therefore follows that the obligation to abide by the terms of the Trust Agreements requirements likewise expired.[5] Accordingly, the Funds can not state a cause of action under ERISA based upon the Trust Agreements.[6]

## IV. Conclusion

For the reasons set forth above, defendant Thomas S. Zaccone Wholesale Produce, Inc.'s motion for summary judgment is granted. It is so ordered.

---

4. In neither case had the collective bargaining agreement expired.

5. As with the Funds' argument with respect to the collective bargaining agreement, Zaccone's failure to contribute to the Funds following expiration of the collective bargaining agreement may constitute an unfair labor practice, but that allegation is properly directed only at the NLRB. *See Advanced Lightweight Concrete Co.,* 484 U.S. at 549, 108 S.Ct. at 835.

6. The final case cited by plaintiffs, *Central States, Southeast and Southwest Areas Pension Fund v.*

*Beelman Truck Co.,* 653 F.Supp. 678 (N.D.Ill. 1987), is inapposite for two reasons. First, the court did not state whether the trust agreement was signed by the employer or incorporated into the collective bargaining agreement. We are therefore unable to determine the basis for its conclusion that terms of the trust agreement gave rise to a cause of action under § 515 of ERISA. Second, the decision predated *Advanced Lightweight Concrete Co.* Accordingly, its holding may no longer be valid.