**MURRAY**

v.

**CROSS COUNTRY BANK**

No. 05 C 1252.

United States District Court,
N.D. Illinois, Eastern Division.

Aug. 15, 2005.

844

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Thomas E. Soule, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Murray.

James Dominick Adducci, Marshall Lee Blankenship, Adducci, Dorf, Lehner, Mitchell & Blankenship, P.C., Chicago, IL, for Cross Country Bank.

## STATEMENT

ZAGEL, District Judge.

Defendant's Motion to Dismiss is GRANTED.

In his Complaint, Plaintiff alleges that Defendant violated 15 U.S.C. § 1681m(d) of the Fair Credit and Reporting Act ("the FCRA") and has requested a minimum of $100 and up to $1,000 in statutory damages for himself and for other purported class members. Defendant now moves to dismiss the Complaint pursuant to Fed. R.Civ.P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir.1989). In reviewing a motion to dismiss, I must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir.1993). A complaint should only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "A complaint that complies with the federal rules of civil procedure cannot be dismissed on the

ground that it is conclusory or fails to allege facts." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002).

■ Defendant argues that Plaintiff's Complaint should be dismissed because the recent amendments to the FCRA eliminated a private right of action for alleged violations of § 1681m—the section of the FCRA upon which plaintiff's entire Complaint is based. To support this argument, Defendant cites to § 1681m(h)(8), which states:

Enforcement—

(A) No civil actions. Sections 1681n and 1681o of the title shall not apply to any failure by any person to comply with this section.

(B) Administrative enforcement. This section shall be enforced exclusively under section 1681s by the Federal agencies and officials identified in that section.

Defendant argues the reference in § 1681m(h)(8) to "this section," under the heading administrative enforcement, refers to all of § 1681m and would preclude Plaintiff's suit. Plaintiff argues that "this section" refers only to § 1681m(h). Plaintiff's interpretation is improbable. Within § 1681m(h), the FCRA refers to 1681n, 1681o, and 1681s as sections, implying that a section is demarcated with the first letter after the number. "When the same word is used twice in close proximity, there exists a presumption that the word has the same meaning in both places." *Chicago Area I.B. of T. Health & Welfare Fund v. Thomas S. Zaccone Wholesale Produce, Inc.*, 874 F.Supp. 188, 191 (N.D.Ill.1995). The placement of this enforcement provision also suggests that it applies to the whole of § 1681m. It is given in the last provision of § 1681m, and it is the only provision in § 1681m dealing with enforcement. Thus, it would seem

reasonable that it applies to all of § 1681m.

 Moreover, in § 1681m, Congress distinguished between reference to the entire "section" and to a "subsection." Section 1681m(c), § 1681m(d)(4), § 1681m(h)(7), § 1681m(h)(8) refer to "this section" whereas § 1681m(f)(2), § 1681m(f)(3), § 1681m(h)(1), § 1681m(h)(3), § 1681m(h)(4), § 1681m(h)(6) refer to "this subsection." The use of both terms demonstrates that Congress recognized their different meanings and could have limited the administrative enforcement provision to a "subsection" instead of applying it to the entire "section." *See Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) ("it is generally presumed that Congress acts intentionally and purposefully" in using particular statutory language). Indeed, as the Supreme Court recognized last term, the word "section" is one of the established organizational terms that Congress uses in drafting legislation and is distinct from subparts such as "subsections." *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 125 S.Ct. 460, 467, 160 L.Ed.2d 389 (2004). Accordingly, I find that the meaning of "this section" as given in § 1681m(h)(8) is clear—it is a reference to § 1681m and not to a subsection § 1681m(h). Plaintiff's suit is therefore barred.

For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED.