Donald E. **CONLEY**, Plaintiff,

v.

**PITNEY BOWES, INC.,**
**et al., Defendants.**

No. 1:92CV25SNL.

United States District Court,
E.D. Missouri,
Southeastern Division.

Nov. 5, 1993.

John Howard Bloodworth, Poplar Bluff, MO, S. Sheldon Weinhaus, St. Louis, MO, for plaintiff.

Clark H. Cole and Keith A. Rabenberg, St. Louis, MO, for defendants.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff has filed an ERISA action seeking damages for the alleged wrongful denial of benefits under the Pitney Bowes Long Term Disability Plan. This matter is before the Court on the defendants' motion for summary judgment, filed September 24, 1993. Responsive pleadings have been filed. This cause of action is set for trial on the Court's November 8, 1993 trial docket.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

■ Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■ In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller. v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

The facts relevant to the case at hand are as follows. On or about September 26, 1989 plaintiff was severely injured in the course of his employment. For a period of time, plaintiff was paid benefits under the Pitney Bowes Short Term Disability Plan (STD). Following the cessation of benefits under the STD, plaintiff was ruled eligible and received benefits under the Pitney Bowes Long Term Plan (LTP). On or about October 26, 1990 the plaintiff was found entitled to Social Security disability benefits. While receiving both workers' compensation benefits and Social Security disability benefits, plaintiff did not receive any compensation from the LTP. In February 1991, Conley entered into a Compromise and Release with regard to his workers' compensation claim. On April 10, 1991, plaintiff was notified in writing that as a result of the workers' compensation settlement, his disability rating was now 8%. He was told that due to the 8% rating he was no longer Totally Disabled as defined in the LTP. Defendants' Exhibit A (Motion).

Upon receipt of the April 10th letter, plaintiff turned the letter and the Pitney Bowes benefit plans booklet over to his attorney, John Bloodworth. Defendants' Exhibit A (Reply)—Deposition of plaintiff Donald Conley. No response to the letter was made by either Mr. Bloodworth or the plaintiff. On July 3, 1991 a letter was sent to the plaintiff by C. Leonard Jones, defendants' Division Personnel Director. Mr. Jones' letter sought information concerning the plaintiff's employment status, i.e., whether Conley wanted a personal leave of absence or termination of employment. Defendants' Exhibit C. On July 12, 1991 Mr. Bloodworth responded, in writing, to Mr. Jones' letter of July 3rd. In his letter, Mr. Bloodworth informed Mr. Jones that Mr. Conley intended to return to his job and because he had not been receiving any long-term disability benefits from the defendants, plaintiff would be filing a lawsuit against the defendants. Defendants' Exhibit D.

On February 20, 1992 plaintiff filed suit in the Circuit Court of Butler County, Missouri. On March 26, 1992 the case was removed to federal court and assigned to this Court.

The defendants seek summary judgment because they contend that the plaintiff's failure to appeal the denial of his long-term disability benefits on April 10, 1991, thereby failing to exhaust his administrative remedies, precludes him from seeking redress through the courts. Plaintiff contends that the April 10th letter did not meet ERISA requirements therefore he is excused from his obligation to exhaust his administrative remedies. He further contends that because of certain correspondence occurring after the appeal time had passed, and after filing this lawsuit, the defendants have waived the exhaustion requirement. Finally, the plaintiff

argues that even if he did not exhaust his administrative remedies, the "purpose" of the exhaustion requirement has been met. After careful consideration of the parties' positions, exhibits, and memorandum of law, the Court finds the plaintiff's argument to be meritless.

The Eighth Circuit Court of Appeals has held that the ERISA requires exhaustion of the remedies provided under an employee benefit plan before filing a lawsuit. *Anderson v. Alpha Portland Industries, Inc.,* 727 F.2d 177, 180 (8th Cir.1984), *aff'd,* 752 F.2d 1293 (8th Cir. en banc 1985) (holding that only retirees are not required to adhere to the exhaustion doctrine); *Shawver v. R.H. Macy & Co.,* 697 F.Supp. 1515, 1522–23 (W.D.Mo.1988).

 There are, though, recognized exceptions to the exhaustion requirement. One well-established exception is where exhaustion "would be wholly futile." *Smith v. Blue Cross & Blue Shield,* 959 F.2d 655, 659 (7th Cir.1992); *Anderson v. Alpha Portland,* 727 F.2d at 180; *Shawver v. R.H. Macy & Co.,* at 1522–23. The futility exception requires a plaintiff to show that it is certain that his/her claim will be denied on appeal, not merely that the plaintiff doubts an appeal will result in a different (presumably favorable) determination. *Smith v. Blue Cross & Blue Shield,* at 659. A second exception to the exhaustion requirement "is that claimants are not required to appeal when there is a lack of meaningful access to the review process. *Smith v. Blue Cross & Blue Shield,* at 659.

 The plaintiff fails to dispute the fact that he has failed to exhaust his administrative remedies [1] by proceeding as directed by the LTP booklet. Plaintiff has failed to allege that any attempt to appeal in accordance with the Plan would be futile, or that his attempts to initiate higher levels of review were thwarted by the defendants. Instead, plaintiff claims that the allegedly defective letter of April 10, 1991 waived his obligation

to exhaust his administrative remedies as provided for in the Plan.

Plaintiff cites several cases in support of this argument. However, a close review of the plaintiff's cited caselaw reveals that none of these cases held that a defective notice of denial of benefits letter constitutes an exception to the exhaustion requirement. This Court cannot locate a case which recognizes such an exception. This Court is unwilling to recognize such an exception, in the absence of controlling precedent, because to do so would obviate Congress' primary goal, in establishing ERISA, that administrative claim-resolution procedures, instead of court intervention, be utilized in claim processing.

> "In making the case for exhaustion, we stated in *Kross* that implementing the exhaustion requirement enhances the ability of plan fiduciaries to expertly and efficiently manage their plans by preventing premature judicial intervention and because fully considered actions by plan fiduciaries may assist the courts when they must resolve controversies. (citations omitted)
>
> ... In short, Congress intended plan fiduciaries, not federal courts, to have primary responsibility for claims processing."

*Powell v. A.T. & T. Communications, Inc.,* 938 F.2d 823, 826 (7th Cir.1991).

 As for waiver by the defendants as to the plaintiff's obligation to exhaust his administrative remedies, the Court finds such an argument also to be meritless. The LTP clearly states that plaintiff had ninety (90) days to submit, in writing, a request for reconsideration of the claim denial. Defendants' Exhibit B. The only communication remotely within this 90–day time limitation was plaintiff's counsel's response to an inquiry requesting a decision by the plaintiff as to whether or not he would take a personal leave of absence or terminate his employment. Any other communications is irrelevant. Plaintiff had ninety (90) days to request in writing a reconsideration of the denial of his benefits. He does not allege that

---

1. Defendants' Exhibit B is a copy of that portion of the LTP which is relevant to the present case. Page 75 of the LTP booklet outlines the claim appeal procedure and the employee's rights regarding a denial of a claim for benefits. There is

no dispute that this information was contained in the booklet given by the plaintiff to his attorney upon receipt of the denial of benefits letter of April 10, 1991.

he was unaware of this time limitation or was unaware of how to proceed. Instead, he simply states that since he had an attorney, he trusted the attorney to do whatever was necessary. Defendants' Exhibit A (Reply)—Deposition of Donald Conley. There is no evidence that Mr. Bloodworth (plaintiff's attorney at that time), in possession of the letter of notice of denial of benefits and the Plan's booklet describing the claim appeal procedure, was unaware of the steps to take or was unable to pursue an appeal as directed under the Plan. Instead, in response to an inquiry about plaintiff's employment status, Mr. Bloodworth responded that plaintiff intended to return to his job and that furthermore, plaintiff intended to file a lawsuit against the defendants for denial of benefits. This July 12, 1991 letter clearly made no request for reconsideration by the Plan fiduciary; instead, it threatened a lawsuit.

Plaintiff's evidence consists of correspondence between Mr. Bloodworth and defendants **following the filing of this lawsuit.** Plaintiff relies heavily on two pieces of correspondence from Mr. Bloodworth. On August 25, 1992 (the complaint was filed on February 20, 1992), Mr. Bloodworth complains about the terms in the Severance Agreement and furthermore states "As you are aware, after Don's termination of Long Term Disability he informed your Company that he was still disabled and unable to work and he asked for reinstatement on July 12, 1991. A review process was never afforded Don, other an just denial of benefits by your company." Plaintiff's Deposition Exhibit 24. On August 27, 1992 Mr. Bloodworth wrote another letter to defendants in which he stated the following:

> "After months of negotiating with C. Leonard Jones at the Division of Personnel in Fort Worth, Texas, we have not been able to resolve the issue of whether or not Donald E. Conley is totally disabled and entitled to receive long term disability payments. We have exhausted every avenue in efforts to resolve this matter but have been unable to do so.
>
> I have filed a Petition in Federal Court seeking to redress this issue. If a hearing before your counsel is necessary prior to this matter being litigated in the court, please so advise and we will set this matter for a date for hearing.

Plaintiff's Deposition Exhibit 25.

The undisputed facts are quite contrary to the assertions made in these two letters. Plaintiff undeniably was in possession of the April 10th letter and a copy of the LTP in which the claim appeal procedure is clearly stated. Plaintiff and his counsel were afforded a review process which, for reasons unknown, they chose not to pursue. Plaintiff never requested in writing reconsideration of the denial of benefits within the Plan's time limitations. It was only after filing his lawsuit, that plaintiff began to engage in some type of reconciliation of the problem; however, it is clear that plaintiff did not exhaust "every avenue" since he never attempted to initiate an administrative resolution of the denial as prescribed in the Plan's booklet. Furthermore, plaintiff's counsel's letter of August 27, 1992 is not exactly accurate as to the filing of this lawsuit and demonstrates counsel's attempt to rectify the situation after the fact by addressing the issue of an administrative hearing before pursuing further with the already pending litigation.

█ As for the plaintiff's last argument regarding a belief that his actions have met the intended purpose of the exhaustion requirement, the Court find such an argument to be meritless. From the very beginning, plaintiff has made no reasonable attempt to initiate an administrative review of the denial of his long-term benefits. An attorney's letter can be sufficient to initiate administrative review, especially where an appeal procedure has not been established. 29 C.F.R. § 2560.-503–1(d). The content of such a letter must reasonably alert the Plan fiduciary/employer to the nature of the claim and request administrative review. Assuming arguendo, that the LTP did not establish an appeal procedure, plaintiff still failed to initiate an administrative review.

█ Mr. Bloodworth's letter of July 12, 1991 did not seek reinstatement of employment for the plaintiff. It did not request reconsideration of the denial of the plaintiff's long-term disability benefits. What it clearly

and unequivocally did was threaten to take the defendants to court if the denial of the benefits was not settled to the plaintiff's satisfaction. What followed was plaintiff's filing of the present action and the tender of a Severance Agreement by the defendants to the plaintiff. Plaintiff's have offered no evidence that a written request for reconsideration was ever tendered by the plaintiff. All plaintiff has is his counsel's letter threatening to sue for compensation. A threat to sue cannot be considered as equivalent to a demand for administrative review. *See, Powell v. A.T. & T. Communications, Inc.,* at 826–27.

The Court finds that no issues of material fact exist as to the plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit, consequently, the defendants are entitled to judgment as a matter of law.