Dianne L. LINDEMANN, Plaintiff,

v.

MOBIL OIL CORPORATION, Defendant.

No. 94 C 5052.

United States District Court,
N.D. Illinois,
Eastern Division.

June 13, 1994.

Frank P. Tighe, III, Oakbrook, IL, for plaintiff.

Stephen L. Wood, Jenner & Block, Jeffery Moore Cross, Patrick John Ahern, Kelley, Drye & Warren, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiff, Diane Lindemann, brings this wrongful discharge action against Mobil Oil Corporation ("Mobil") under Section 510 of the Employees' Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. Defendant claims to have terminated plaintiff for cause, allegedly for her failure to perform the duties of her job as a result of, but not limited to, her excessive absenteeism. Plaintiff contends that her discharge violated Section 510 of ERISA because the absences in question were excused "sick days" taken in accordance with an ERISA-defined employee benefit plan administered by Mobil. Therefore, she claims that her discharge was an improper interference with her statutorily protected short term disability benefits. Defendant moves for summary judgment because the plaintiff failed to exhaust the ad-

ministrative remedies provided for by the plan prior to filing this action. For the following reasons, the defendant's Motion for Summary Judgment is GRANTED.

## BACKGROUND

The facts in this case have been gleaned from the parties' Rule 12(M) and 12(N) Statements.[1] Plaintiff Lindemann was employed by Mobil for a continuous period of seventeen years that lasted until her termination on June 6, 1994. (Plaintiff's Rule 12(N) ¶ 22/Additional Facts) During this time, Mobil administered an ERISA-defined employee benefits plan, which included a Separation Benefit Plan and a Disability Benefit Plan, which are described in the Summary Plan Description ("SPD"). (Defendant's Rule 12(M) ¶ 2)

As required by ERISA, the SPD explains the plan's Claims and Appeals Procedure. (Rule 12(M) ¶ 3) An employee who feels she is entitled to benefits may send a written claim to her local Benefits Advisor or Employee Relations representative. (Rule 12(M) ¶ 4) If the claimant is not satisfied with the resolution of her claim she may submit a written request for review to the Employee Relations Manager in her Profit Center. (Rule 12(M) ¶ 7) Finally, if she still feels her claim was improperly denied, she may submit a written appeal to Mobil's Vice President, Administration. (Rule 12(M) ¶ 9) The responses from Mobil to all of these claims must be returned to the claimant in writing within 60 days of her corresponding request. (Rule 12(M) ¶¶ 5, 8, 11)

On June 6, 1994, the plaintiff's employment at Mobil was terminated in a letter which stated she was "unable to fulfill the duties and responsibilities of [her] job" as a result of her failure to be at work regularly and on

time. (Letter from Lieb to Lindemann of June 6, 1994 at 2.) Plaintiff claims that all of her absences were taken pursuant to the employee benefits plan. (Rule 12(N) ¶ 25/Additional Facts) Mobil contests this claim.[2] (Rule 12(M) ¶ 25/Reply)

On June 27, 1994, plaintiff filed a claim for benefits in the following letter captioned "Subject—Emp. Rights & Appeals":

I feel I am entitled to severance pay with Mobil Oil Corp. With 17 years of dedicated service and always rated FP on performance appraisals, I have been under 2 doctors care and because I called in sick to my Supervisor on May 31 & June 1 which was beyond my control to avoid, my supervisor J. Lieb when I reported to work on June 2 & June 3 refused to talk to me and on June 6th terminated my employment with Mobil Oil. I asked to talk to an E.R. advisor but was refused a phone call & told me to call from home. I called Bob Harrop, E.R. advisor when I got home and asked him questions and he said he would call me back but never did. Please look into the situation and advice [sic] me.

(Letter from Lindemann to McLucas of June 27, 1994.) On August 12, 1994, R.D. Harrop, an Employee Relations Advisor, informed Lindemann in writing that he had reviewed her claim for entitlement to separation benefits, but found that she was not eligible because she had been discharged for cause. (Letter from Harrop to Lindemann of August 18, 1994) Plaintiff filed this action on August 18, 1994. (Rule 12(M) ¶ 21)

After filing this lawsuit, plaintiff requested that Mobil review her claim in a letter dated September 16, 1994. (Rule 12(M) ¶ 17) The original denial of separation benefits was upheld on November 10, 1994. (Rule 12(M)

1. The following recitation of background facts is drawn from the parties' Local Rule 12(M) and 12(N) statements of material facts as to which there is no genuine issue and the accompanying exhibits. *See* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS LOCAL RULES Rule 12, as well as the other pleadings and exhibits submitted to the Court in connection with the pending motion.

2. Mobil has submitted documents which it claims support the contention that the plaintiff

was cited for numerous unexcused absences beginning in 1992. (Rule 12(M) ¶ 25/Reply) The plaintiff objects that these documents are inadmissible hearsay and has filed a Motion to Strike. However, since this Court's decision to grant summary judgment for the defendant is based solely upon the plaintiff's failure to exhaust her administrative remedies, this dispute is moot. Consequently, the plaintiff's Motion to Strike is denied.

¶ 18) She requested a final review of this decision on November 29, 1994. (Rule 12(N) ¶ 26/Additional Facts) Mobil maintained that the plaintiff was not entitled to benefits under the plan in a writing dated February 1, 1995. (Rule 12(N) ¶ 28/Supplemental Statement)

## DISCUSSION

### A. Standard for Summary Judgment

Summary Judgment is proper if the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R.CIV.P. 56(c). A genuine issue of material fact is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might effect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Id.* The moving party has the burden to "show" that there is no evidence supporting the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Consequently, the evidence of the nonmovant must be believed, and all reasonable inferences are to be drawn in its favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

However, the nonmovant cannot rest on its pleadings, but must show that there is admissible evidence which supports its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir.1994). "The court may only consider evidence and statements that would be admissible at trial and that have probative force." *Colan v. Cutler–Hammer, Inc.,* 812 F.2d 357, 365 n. 14 (7th Cir.1987), *cert. denied,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 42 (1987). The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

### B. ERISA and the Administrative Exhaustion Requirement

Section 510 of ERISA provides that "It shall be unlawful for any person to discharge ... a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title, or the Welfare and Pension Plans Disclosure Act." 29 U.S.C. § 1140. Section 502 of ERISA allows for its private enforcement by empowering a participant or beneficiary to bring a civil action to redress violations of its guarantees. 29 U.S.C. § 1132(a)(3).

ERISA is silent, however, as to whether a participant or beneficiary of a plan governed by its provisions must exhaust the plan's internal appeals procedures before filing a civil action. The Seventh Circuit has announced the rule in this jurisdiction: "The application of the administrative exhaustion requirement in an ERISA case is committed to the strong discretion of the district court." *Dale v. Chicago Tribune Co.,* 797 F.2d 458, 466 (7th Cir.1986), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987). *See also Powell v. American Telephone and Telegraph Communications, Inc.,* 938 F.2d 823, 825 (7th Cir.1991); *Kross v. Western Elec. Co.,* 701 F.2d 1238, 1244 (7th Cir.1983).

In *Kross,* the Seventh Circuit explicitly acknowledged the strong federal policy favoring private resolution of ERISA-based disputes, and specifically applied the exhaustion doctrine to the plaintiff's Section 510 claim that he was discharged to prevent his pension from vesting. *Kross,* 701 F.2d at 1244. The Court looked to ERISA's mandate that each plan have an internal appeals procedure as evidence that making every claim dispute into a federal case would undermine the Act and would burden employee benefit funds unnecessarily. *Id.* (quoting *Challenger v. Local Union 1 of the Intern. Bridge, Structural, and Ornamental Ironworkers,* 619 F.2d 645, 649 (7th Cir.1980)). In addition, "implementing the exhaustion requirement enhances the ability of plan fiduciaries to expertly and efficiently manage their plans by preventing premature judicial intervention and because fully considered actions by plan fiduciaries may assist the courts when they must resolve controversies." *Powell,* 938 F.2d at 826. Also, the

internal claims procedure was established by Congress to "minimize the number of frivolous lawsuits; promote consistent treatment of claims; provide a non-adversarial dispute resolution process; and decrease the cost and time of claims settlement." *Id.* (citing *Makar v. Health Care Corp. of Mid–Atlantic,* 872 F.2d 80, 83 (4th Cir.1989)).

Plaintiff argues that this Court should exercise its discretion and refuse to apply the exhaustion doctrine in this case. First, she contends that further administrative review after her filing of this claim would have been futile. Second, she argues that the exhaustion doctrine should not be applied in cases seeking redress for a discharge that violated the substantive provisions of Section 510 of ERISA itself, as opposed to a claim based upon a company's benefit plan. The Court finds both of these arguments unpersuasive.

### 1. The Futility Exception [3]

■ "In order to come under the futility exception, the [plaintiff] must show that it is certain that [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision." *Smith v. Blue Cross & Blue Shield United of Wisconsin,* 959 F.2d 655, 659 (7th Cir.1992). The plaintiff must present facts which show that the administrative procedure definitely would not work. *Id.; Dale,* 797 F.2d at 467 (process not futile despite absence of a "neutral arbitrator"); *Kross,* 701 F.2d at 1245 (futility not met even though administrative procedure could not provide the remedy sought in the lawsuit); *Wilczynski v. Kemper National Insurance Companies,* No. 94 C 3146, 1995 WL 290402 at *5 (N.D.Ill. May 10, 1995) ("speculation as to adverse result" not enough).

■ The plaintiff claims that, after August 18, 1994, further administrative review would have been futile because Mobil refuses to acknowledge that the plaintiff's letter dated June 27, 1994, in addition to asking for severance benefits, advanced a Section 510 claim seeking redress for her discharge. (Rule 12(N) ¶ 20) She points to the caption on the letter ("Subject—Emp. Rights & Appeals")

and to the fact that she complains about her discharge in the body of the letter as proof that such a claim was made. (Letter from Lindemann to McLucas of June 27, 1994.) Also, she relies upon Mobil's response to this letter, which denied her severance benefits because she had been fired "due to [her] failure to meet the duties and responsibilities of her job," but never mentions a separate claim that her discharge violated her right to short term disability benefits. (Letter from Harrop to Lindemann of August 12, 1994.)

Defendant maintains that plaintiff has only claimed that she is entitled to severance benefits, and has never filed a claim which alleged that her discharge improperly interfered with her right to short term disability benefits. (Rule 12(M) ¶ 20) The first line of her June 27, 1994, letter clearly states that she feels she is entitled to severance pay, and Mobil claims that the rest of the letter can be interpreted to be related to that claim. In addition, the August 12, 1994, letter, which the plaintiff claims was a willful refusal to recognize her Section 510 discharge claim, clearly instructed the plaintiff that she could resubmit her claim for review with any additional information that she felt was necessary. (Letter from Harrop to Lindemann of August 12, 1994.) The plaintiff could easily have amended her complaint to more clearly include the discharge claim, if that was in fact what she was claiming in the June 27, 1994, letter.

A reasonable interpretation of the plaintiff's June 27, 1994, letter does not lead to the conclusion that she included a claim for improper interference with her short term disability rights in addition to her claim for severance benefits. Therefore, she has not even begun to avail herself of the administrative procedures provided by Mobil's plan with regards to this second claim. She has not proven that it would be futile for her to submit this claim to these internal procedures, so the futility exception to the exhaustion requirement is not applicable in this case.

---

**3.** Another exception to the exhaustion doctrine, not raised by the plaintiff, occurs when there is a

lack of meaningful access to the internal review procedures. *Smith,* 959 F.2d at 659.

2. Claims Based upon Benefit Plans Versus Claims Based upon the Substantive Guarantees of ERISA Section 510

■ The plaintiff argues that exhaustion of the administrative procedures provided for by Mobil's plan should not be required in her case because she seeks redress for her discharge under Section 510 of ERISA. She relies upon the Third Circuit's decision in *Zipf v. American Telephone and Telegraph Co.*, which drew a distinction between claims for benefits, which require exhaustion, and claims based upon ERISA itself, which do not require exhaustion. *Zipf v. American Telephone and Telegraph Co.*, 799 F.2d 889, 891–92 (3rd Cir.1986); *see also Amaro v. Continental Can Co.*, 724 F.2d 747, 751 (9th Cir.1984).

The *Zipf* court made this distinction because, unlike a claim for benefits, a Section 510 claim asserts a statutory right. *Zipf*, 799 F.2d at 893. Matters of statutory interpretation are within the courts', rather than plan fiduciaries', expertise. *Id.* In addition, the language of Section 510 of ERISA, which mandates that plans have internal appeals procedures, refers only to benefits. *Id.* at 891; *see* 29 U.S.C. § 1133. Finally, the court looked to legislative history, and pointed out that an amendment which would have created an administrative remedy for Section 510 claims was defeated. *Zipf*, 799 F.2d at 892. The plaintiff argues that, under the logic of *Zipf*, she should not be required to exhaust the plan's administrative remedies because her claim of redress for her discharge is significantly different than a claim for benefits.

The plaintiff attempts to distinguish her case from the Seventh Circuit's decision in *Kross* by pointing to language in the district court opinion which likened Kross's claim that he had been discharged to prevent him from receiving his pension benefits to a claim which merely sought to recover such benefits. *Kross v. Western Elec. Co.*, 534 F.Supp. 251, 254–55 (N.D.Ill.1982), *aff'd in part and rev'd in part*, 701 F.2d 1238 (7th Cir.1983). However, *Kross* is not so limited. In fact, the Seventh Circuit specifically rejected the argument that the plaintiff now advances:

Kross argues that the district court abused its discretion by applying the exhaustion doctrine in this case because (1) this suit involves purported violations of ERISA, rather than the provisions of a particular pension plan, and thus only a federal court is qualified to hear the plaintiff's claims; ... We find [this] argument to be insufficient to override the well-established federal policy, and supporting case law, favoring exhaustion of administrative remedies prior to bringing an ERISA-based lawsuit in federal court.

*Kross*, 701 F.2d at 1245; *see also Mason v. Continental Group Inc.*, 763 F.2d 1219, 1227 (11th Cir.1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). Contrary to the plaintiff's assertion, the Seventh Circuit did treat Kross's claim as one seeking redress for a discharge, as evidenced when it required exhaustion despite the fact that the administrative procedures available to Kross could not provide the remedy he sought—reinstatement of his job. *Kross*, 701 F.2d at 1246.

The Court's own evaluation of the continued viability of *Kross* has revealed that the Seventh Circuit has questioned, in dicta, whether it may someday revisit the exhaustion doctrine for claims which allege a breach of a fiduciary duty by plan administrators in light of *Firestone Tire & Rubber Company v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). *See Mortell v. Mortell Co.*, 887 F.2d 1322, 1326 (7th Cir.1989). However, this has never occurred, and there is no indication that the *Kross* case has ever been overruled. Moreover, the plaintiff's claim involves a Section 510 action and not a claim of a breach of fiduciary duty. Simply put, the plaintiff's attempts to distinguish her Section 510 ERISA claim from the claim asserted in *Kross* are unpersuasive. In light of this jurisdiction's commitment to the policies favoring the exhaustion doctrine, this Court is compelled to apply *Kross* and require exhaustion for plaintiff's asserted Section 510 claim.

Finally, plaintiff argues that Mobil's employee benefits plan does not cover claims which allege a wrongful termination in violation of ERISA Section 510, so she should not

be required to submit her claim to the plan's internal appeal procedures. However, the plaintiff's claim that Mobil improperly interfered with her protected right to short term disability benefits presupposes that she was entitled to such benefits. Entitlement to benefits is a matter of interpretation committed to the plan fiduciaries' expertise. Therefore, the plaintiff should be required to submit her wrongful discharge claim to the plan's internal appeals procedure prior to filing this action.

## CONCLUSION

Although this Court fully sympathizes with the plight of the plaintiff, we must nevertheless apply the law of the Seventh Circuit, which strongly favors the application of the exhaustion doctrine to plaintiff's Section 510 claim. Since the plaintiff is unable to prove that further administrative review of her claim would be futile, the defendant's Motion for Summary Judgment (Document 13) is GRANTED. In light of this judgment, the plaintiff's Motion to Strike (Document 24) is moot, and therefore is DENIED.