**Michael J. VALLONE and Joyce E. Heidemann, and James J. O'Keefe, on behalf of themselves and all other plaintiffs similarly situated known and unknown, Plaintiffs,**

v.

**CNA FINANCIAL CORPORATION, a/k/a CNA Casualty of Illinois, and the Continental Insurance Company, and all their subsidiaries, parent companies, partnerships, and corporations, Defendants.**

No. 98 C 7108.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 10, 1999.

William J. Sneckenberg, Stuart Morris Brody, William J. Sneckenberg & Associates, Chicago, IL, for Plaintiffs.

Thomas James Piskorski, Timothy F. Haley, Ronald J. Kramer, Beth Tracey Golub, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for Defendants.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

This lawsuit is a purported class action brought on behalf of individuals who elected early retirement from the Continental Insurance Company in 1992. Plaintiffs allege that health care benefits promised to them as part of the early retirement package were terminated in violation of federal and state law. Defendants move to dismiss the complaint for plaintiffs' alleged failure to exhaust the benefit plan's appeal procedures before filing this lawsuit. For the reasons stated below, we deny defendants' motion.

### BACKGROUND

According to the complaint, Michael J. Vallone (Vallone), Joyce E. Heidemann (Heidemann), and James J. O'Keefe (O'Keefe) (collectively "plaintiffs") are former employees of Continental Insurance Company (Continental). In October 1991, plaintiffs received a document entitled "A Brief Description of the Voluntary Special Retirement Program" ("brief description"), which described an early retirement package offered by Continental as part of a restructuring of its workforce. Along with hundreds of other Continental employees nationwide, plaintiffs elected to accept the package from Continental known as the Voluntary Special Retirement Program (VSRP).

The VSRP provided early retirees with special health care benefits that differed from the benefits extended to regular retirees under Continental's Comprehensive Health Care and Dental Plan (the Plan). One such feature involved the Retiree Health Care Allowance, a subsidy from

Continental provided to help offset the cost of retiree health care benefits. Under the Plan, employees had to retire at age 62 or older and have 25 years or more of service to qualify for the maximum retiree health care allowance. An employee retiring before the age 62, or with less than 25 years of service, would receive a reduced health care allowance. Early retirees under the VSRP, however, were to receive the maximum health care allowance, regardless of their age or years of service. Features such as this one enticed plaintiffs and hundreds of others to take early retirement.

In 1995, Continental merged with CNA Insurance, now known as CNA Financial Corporation (CNA).[1] As part of the business combination, CNA subsumed Continental as a subsidiary entity and assumed responsibility for maintaining Continental's retiree benefit programs. The transition into one company resulted in a merger of Continental's and CNA's health care plans in 1996. In August 1998, CNA informed all retired Continental employees that, as a result of the merger of health care plans, the retiree health care allowance contributions would end on December 31, 1998.

Upset by the termination of the health care allowance, some early retirees under the VSRP decided to challenge CNA's actions. In August and September 1998, plaintiffs Vallone and Heidemann telephoned officials at CNA, arguing that the early retirees were given a lifetime health care allowance and inquiring about whether there would be a review of the termination of benefits. They were informed that CNA's actions were appropriate and final, and that no reconsideration or other remedy was available. Other early retirees also complained of the termination of the health care allowance, and at least two individuals filed written appeals to the Plan administrator. The Plan administrator responded to these appeals with substantially the same information given to Vallone and Heidemann over the telephone—that the early retirees were not provided with a lifetime health care allowance and that CNA's decision to terminate those subsidies was final.

Dissatisfied with the responses they received from CNA officials, plaintiffs filed this purported class action lawsuit on behalf of the approximately 500 or more persons nationwide who retired under the VSRP. In their complaint, plaintiffs allege that the termination of the retiree health care allowance violated the Employee Retirement Income and Security Act (ERISA) and state common law. Defendants have moved to dismiss the complaint, arguing that plaintiffs have failed to exhaust the appeal procedures provided under the Plan before filing this lawsuit.

### DISCUSSION

Defendants move to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and (6). On such a motion to dismiss we take plaintiffs' well-pleaded factual allegations as true and construe them in their favor. *See Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir.1992). Dismissal is proper only if it appears beyond doubt that the plaintiffs cannot prove any set of facts consistent with the complaint that would entitle them to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In support of their motion to dismiss defendants argue that the health care allowance was provided pursuant to the Plan, which contains an appeal procedure for retirees dissatisfied with a company decision regarding benefits. They argue that plaintiffs' failure to exhaust that appeal procedure bars this lawsuit. Plaintiffs respond that their health care allowance subsidies were provided under the VSRP, a contract separate and distinct from the Plan and one which does not contain any appeal procedures or requirements. Alternatively, plaintiffs argue that they have satisfied any appeal procedures

---

1. We will refer to Continental and CNA collectively as "defendants."

required under the Plan. Therefore, we must determine whether the Plan's appeal procedures apply to plaintiffs and, if so, whether plaintiffs have exhausted or otherwise satisfied those procedures.

## I. The Plan and the VSRP

■ A fair reading of the contracts relating to plaintiffs' health care benefits indicates that the appeal procedures contained in the Plan apply to all Continental retirees, including individuals who elected early retirement under the VSRP. *See Murphy v. Keystone Steel & Wire Co.*, 61 F.3d 560, 565 (7th Cir.1995) (related contract documents must be read together in order to give them their proper construction). We look first to the documents relating to the VSRP. The VSRP documents contain language specifically directing early retirees to the Plan's contract documents. For example, the brief description of the VSRP, which sets forth the features of the early retirement package, expressly refers to "A Guide to Benefits for Employees Considering Retirement During 1991" (Guide) and "Your Benefits in 1991" (SPD). The VSRP election forms, by which plaintiffs accepted early retirement, similarly advise retirees: "Before you make your Retiree Elections, you may wish to familiarize yourself with the information contained in the current [Guide]." The Guide and SPD discuss and summarize the benefits provided by the Plan. These documents also describe the appeal procedures established by the Plan for retirees who are dissatisfied with company decisions regarding their benefits. Having been described in documents expressly referred to by the VSRP contract materials, the Plan's appeal procedures are applicable to plaintiffs in this case.

Other health benefit documents also indicate that the Plan's appeal procedures apply in this case. For example, in an information packet which accompanied CNA's August 1998 announcement regarding the termination of the health care allowance, the defendants advised retirees: "Please note that the Plan contains a formal claims procedure through which you can file a claim for Plan coverage with the Plan Administrator. If you believe you are entitled to continued benefits under the Plan for any reason, you may send a written request to the Plan Administrator...." This information confirms the understanding embodied in the VSRP contract documents that early retirees who wish to file a claim regarding their benefits are to follow the appeal procedures established in the Plan.

## II. Exhaustion

Article V of the Plan sets forth appeal procedures for retirees dissatisfied with a company decision regarding their benefits. That article, as restated in the successor 1996 Plan, provides that all questions or complaints regarding benefits shall be submitted in writing to the Plan administrator. If the Plan administrator denies the claim for benefits, the retiree may file a written appeal with the Plan administrator. Furthermore, "[c]laimants may not seek ... benefits under the Plan, in any judicial ... proceeding without first complying with the claims procedures set forth in Article V." Defendants argue that plaintiffs did not comply with these appeal procedures. They point out that plaintiffs Vallone and Heidemann merely telephoned officials at CNA to contest the termination of their health care allowance. Plaintiffs did not complain in writing and did not contact the Plan administrator. Defendants argue that plaintiffs' failure to comply with and exhaust the Plan's appeal procedures bars this lawsuit.

■ It is well settled in this circuit that plaintiffs must exhaust all appeal procedures available under an ERISA plan before filing a lawsuit regarding a termination of benefits. *Kross v. Western Elec. Co., Inc.*, 701 F.2d 1238, 1243–44 (7th Cir. 1983); *Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 825–26 (7th Cir. 1991). It is equally well settled, however, that a district court may excuse a failure to exhaust if it finds that exhaustion of the ERISA plan's appeal procedures would be

futile. *See Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir.1996); *see also Powell*, 938 F.2d at 825 (application of the exhaustion doctrine is "a matter within the discretion of the trial court and may be disturbed on appeal only when there has been a clear abuse of discretion"). In order to come within this futility exception, plaintiffs must show that "it is certain that their claim will be denied on appeal, not merely that they doubt an appeal will result in a different decision." *Smith v. Blue Cross & Blue Shield United of Wisconsin*, 959 F.2d 655, 659 (7th Cir.1992). While plaintiffs in this case may not have exhausted the appeal procedures set forth in the Plan, any attempt by them to appeal the termination of benefits would have been denied by the Plan administrator. Therefore, their failure to exhaust is excused under the futility exception to the exhaustion doctrine.

Upon learning that the retiree health care allowance would be eliminated, plaintiffs Vallone and Heidemann called officials at CNA to complain about the termination of benefits. They argued that, as early retirees under the VSRP, their health care allowance contributions were not subject to such unilateral termination. Both Vallone and Heidemann were informed by CNA officials that the early retirees were not entitled to lifetime health care allowance contributions and that no reconsideration or other remedy was available. Other early retirees also complained to CNA about the termination of the health care allowance. Specifically, early retirees Bernard A. Serek and Thomas L. Jones, who are members of the putative class in this case, submitted written appeals to the Plan administrator complaining about the termination of benefits. Like Vallone and Heidemann, these early retirees argued that the VSRP contract documents prohibited unilateral termination of their health care allowance. The Plan administrator answered these written appeals with substantially the same response given to Vallone and Heidemann over the telephone, and similarly denied their appeals regarding the termination of benefits.

Defendants do not dispute that early retirees Serek and Jones have exhausted the Plan's appeal procedures with respect to the elimination of the health care allowance. Serek, Jones, Vallone and Heidemann—all early retirees under the VSRP—complained about the same termination of benefits on the same grounds. Any attempt by Vallone and Heidemann to file a written complaint to the Plan administrator would be futile since they would receive the same response given to the other identically-situated early retirees. *See Carter v. Signode Industries, Inc.*, 688 F.Supp. 1283, 1286–87 (N.D.Ill.1988) (holding that the futility exception excused named plaintiffs' failure to exhaust where two putative class members had exhausted ERISA plan's appeal procedures). We are satisfied that any written appeal by plaintiffs to the Plan administrator regarding the termination of the health care allowance would have been futile. Therefore, we excuse plaintiffs' failure to exhaust the Plan's appeal procedures.

### CONCLUSION

For the reasons stated above, defendants' motion to dismiss is denied.